```
             IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF OHIO
                        EASTERN DIVISION
```

Kermit Brian Harris,              :

           Plaintiff,        :   Case No. 2:07-cv-0289

   v.                               :   Judge HOLSCHUH

Terry J. Collins, et al.,         :

           Defendants.       :

REPORT AND RECOMMENDATION

     Plaintiff, Kermit B. Harris, a state prisoner incarcerated at the Grafton Correctional Institution, filed this case in the Southern District of Ohio, Western Division, at Cincinnati. All of his claims relate to medical treatment he received while he was imprisoned at the Richland Correctional Institution, which is located in Mansfield, Richland County, Ohio. The case was transferred to the Eastern Division of the Southern District of Ohio based on the mistaken belief that Richland County lies within this Judicial District. Actually, it is part of the Northern District of Ohio, Eastern Division. See 28 U.S.C. §115(a)(1). Rather than immediately transferring it to that judicial district, however, this Court (in a separate order) will assess the proper filing fee and will, in this Report and Recommendation, screen the complaint pursuant to 28 U.S.C. §§1915(e)(2) and 1915A because several of the defendants are residents of this district. For the following reasons, it will recommended that the claims against those defendants be dismissed and that the case be transferred to the Northern District of Ohio for additional proceedings.

     28 U.S.C. §1915(e)(2) provides that in proceedings in forma pauperis, "[t]he court shall dismiss the case if ... (B) the

action ... is frivolous or malicious [or] fails to state a claim on which relief can be granted...." 28 U.S.C. §1915A further provides that in any prisoner case, the Court shall dismiss the complaint or any portion of it if, upon an initial screening, it appears that the complaint fails to state a claim upon which relief can be granted or seeks monetary damages from a defendant who is immune from suit. The purpose of these statutory sections is to prevent suits which are a waste of judicial resources and which a paying litigant would not initiate because of the costs involved. See Neitzke v. Williams, 490 U.S. 319 (1989). A complaint may be dismissed as frivolous only when the plaintiff fails to present a claim with an arguable or rational basis in law or fact. See id. at 325. Claims which lack such a basis include those for which the defendants are clearly entitled to immunity and claims of infringement of a legal interest which does not exist, see id. at 327-28, and "claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar." Id. at 328; see also Denton v. Hernandez, 504 U.S. 25 (1992). A complaint may be dismissed for failure to state a claim upon which relief can be granted if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v.Gibson, 355 U.S. 4l, 45-46 (l957). Claims against defendants who are immune from suits for money damages, such as judges or prosecutors acting in their judicial or prosecutorial capacity, are also within the ambit of §1915A. Pro se complaints are to be construed liberally in favor of the pro se party. See Haines v. Kerner, 404 U.S. 519 (1972). It is with these standards in mind that the plaintiff's complaint and application for leave to proceed in forma pauperis will be considered.

    Mr. Harris's complaint details a dispute between himself and

Dr. Kenneth Williams, who is employed at the Richland Correctional Institution.  Although he has also asserted claims against Terry Collins, the Director of the Ohio Department of Rehabilitation and Correction, and Hugh J. Daley, the assistant Chief Inspector (both of whom work at the ODRC Central Office in Columbus), those claims are based entirely upon either their alleged failure to respond appropriately to his grievances or to institute an investigation into Dr. Williams's conduct.  Supervisory officials cannot be held liable under 42 U.S.C. §1983 for such conduct, however.  The law is clear that unless a defendant is personally involved in some way in an alleged constitutional deprivation, simply gaining knowledge of the situation through the prison grievance process and failing to respond are not sufficient to make someone liable.  See Dotson v. Wilkinson, ___ F.Supp. 2d ___, 2007 WL 756454, *5 (N.D. Ohio March 12, 2007) ("Supervisory liability cannot be based upon the failure to act, Summer v. Leis, 368 F.3d 881, 888 (6th Cir.2004), or simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance"), citing, inter alia, Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999).  Thus, the claims against those two defendants should be dismissed for failure to state a claim.  Since the only claims remaining relate exclusively to defendants who reside in the Northern District of Ohio and to events which occurred in that judicial district, the case should then be transferred to that district.

    For the foregoing reasons, it is recommended that the claims against defendants Collins and Daley be dismissed and that, after such dismissal, this case be transferred to the United States District Court for the Northern District of Ohio, Eastern Division, for further proceedings.

PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within ten (10) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. Section 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir.1981).

/s/ Terence P. Kemp
United States Magistrate Judge